UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDA PETTIT, ET AL.                                    CIVIL ACTION

VERSUS                                                   NO. 15-3084 C/W 15-3532

FREDERICK R. HEEBE, ET AL.                               SECTION A(4)

### ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 22)** filed by defendant Thomas C. Rhodes; **Motion to Dismiss (Rec. Doc. 19)** filed by Markel American Insurance Co. Plaintiffs Brenda Pettit, Van Meter Pettit, Noble Gregory Pettit, and Harrison Foster Pettit, Jr. oppose the motions. The motions, submitted to the Court on November 18, 2015, are before the Court on the briefs without oral argument.

This action arises out of an airboat crash that occurred in October 2014. The following facts are taken from Plaintiffs' complaint.

Defendant Frederick R. Heebe owned that airboat, which was being piloted at the time of the accident by his employee, defendant Thomas C. Rhodes. Plaintiffs' decedent, Foster Pettit, was visiting the New Orleans area in October 2014, and joined a recreational fishing expedition on Heebe's boat. Plaintiffs allege various negligent acts on Rhodes' part that led to the airboat capsizing. When the boat overturned, the occupants were thrown into the water. They took turns climbing onto the hull of the vessel while awaiting help.

As Foster Pettit climbed onto the airboat to get out of the water, the cage covering the airboat's fan blades cut him on his right leg. A bacteria named "vibrio vulnificus," which is alleged to be common in saltwater during the month of October, infected the wound. The vessel was not equipped with a solution to properly treat the wound, and in the more than 13 hours that it took to

be rescued (a delay also alleged to be caused by Defendants' negligence and the vessel's lack of appropriate devices) the bacterial infection reached an advanced stage. Pettit died from the infection on November 22, 2014.

Plaintiff Brenda Pettit is Foster Pettit's widow and the other Pettit plaintiffs are his adult sons. Because the accident occurred on navigable waters, general maritime law applies to the claims. Plaintiffs' claims for wrongful death and survival are based on Louisiana state law.

Rhodes now moves to dismiss all claims against him arguing that Plaintiffs fail to state a claim against him because Pettit's death was not foreseeable. Alternatively, Rhodes argues that Plaintiffs cannot recover non-pecuniary damages under maritime law because they were not financially dependent on Foster Pettit. Finally, Rhodes argues that there is no right of survival under maritime law. Markel's motion adopts Rhodes' arguments.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, *Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on

its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

The Court finds no merit to Defendants' first argument regarding foreseeability. Aside from the fact that foreseeability is not an appropriate Rule 12(b)(6) challenge,[1] Plaintiffs have pleaded a surfeit of facts to suggest that the vibrio bacteria was a known deadly hazard for saltwater fisherman in the month of October, and that a well-provisioned vessel would have carried an appropriate solution to treat the leg wound before the infection could spread. And it is wholly foreseeable that a serious injury can result if a vessel capsizes, and in light of the vessel's lack of proper emergency equipment, its occupants must wait 13 hours for help.

Defendants' legal arguments regarding Louisiana law, *i.e.*, that general maritime law does not include a cause of action for non-pecuniary damages and survival, likewise lack merit. Defendants fail to account for the fact that Foster Pettit was not a Jones Act seaman and that the accident occurred in state territorial waters. All of Defendants' cited cases predate *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996). In *Yamaha,* the Court unequivocally held that state remedies remain available in cases such as this one. *Id.* at 202.

Accordingly, and for the foregoing reasons;

---

[1] To be clear, the Court is not suggesting that Defendants' argument would be more convincing at the summary judgment stage.

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 22)** filed by defendant Thomas C. Rhodes, and the **Motion to Dismiss (Rec. Doc. 19)** filed by Markel American Insurance Co. are **DENIED**.

December 21, 2015

						_____
						JUDGE JAY C. ZAINEY
						UNITED STATES DISTRICT JUDGE