UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRENDA PETTIT, VAN METER PETTIT, NOBLE GREGORY PETTIT, and HARRISON FOSTER PETTIT, JR. | * * * * | CIVIL ACTION NO. 15-3084 c/w 15-3532 |
| Plaintiffs, | * * | SECTION "A" (4) |
| versus | * * * | JUDGE JAY ZAINEY |
| FREDERICK R. HEEBE, THOMAS C. RHODES and MARKEL AMERICAN INSURANCE COMPANY | * * * * * | MAG. KAREN WELLS ROBY |
| Defendants. | * * | Pertains to: 15-3084 and 15-3532 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANTS' FREDERICK R. HEEBE AND THOMAS C RHODES' MOTION TO QUASH SUBPOENA *DUCES TECUM***

MAY IT PLEASE THE COURT:

Plaintiffs' Subpoenas *Duces Tecum* to Defendants Frederick R. Heebe ("Heebe") and Thomas C. Rhodes ("Rhodes") must be quashed for three reasons: first, plaintiffs cannot circumvent the normal response times for parties in litigation to respond to discovery under Federal Rule of Civil Procedure 34 by attempting to use a discovery vehicle reserved for non-parties;[1] second, the Subpoenas *Duces Tecum* violate Federal Rule of Civil Procedure 45 as they do not provide a reasonable time in which to comply; and third, the Subpoenas *Duces Tecum* requests protected and confidential information, including bank account and financial information, in violation of Federal Rule of Civil Procedure Rule 45.

---

[1] Exhibits "A" and "B"

First, plaintiffs use of a Subpoena *Duces Tecum* against two named parties to the above captioned litigation is inappropriate as there are other certain discovery tools that are in place in the Federal Rules of Civil Procedure, specifically Rule 34, to present discovery requests to parties to the litigation. Plaintiffs use of the Subpoena *Duces Tecum* rather than the appropriate Requests for Production is simply an attempt by plaintiffs to circumvent the thirty-day response time that is afforded parties to litigation. The District Court for the Eastern District of Louisiana has explained that "service on a named party in a lawsuit of a subpoena duces tecum that provides short notice circumvents the orderly procedures for requests for production of documents between parties provided by Fed.R.Civ.P. 34."[2] Another Eastern District of Louisiana Magistrate Judge was even more direct: "A Rule 45 subpoena is an improper vehicle through which to request documents from an opposing party as it circumvents the time to produce documents under Rule 34."[3] The Court continues that "if documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them pursuant to Rule 45."[4] As such, plaintiffs' Subpoenas *Duces Tecum* served on counsel for Defendants Heebe and Rhodes on January 22, 2016 must be quashed.

Second, pursuant to Federal Rule of Civil Procedure 45(d)(1), the subpoenas must be quashed as it "fails to allow a reasonable time to comply."[5] Plaintiffs served counsel for Defendants Heebe and Rhodes via email after 5:00 p.m. on Friday, January 20, 2016, and the subpoenas requested

---

[2] *Pearson v. Trinity Yachts, Inc.*, 2011 WL 1884730 at *1 (E.D.La. 2011).

[3] *Dixon v. 24th JDC, et al.*, 2013 WL 4517932 2d *2 (E.D.La. 8/23/13).

[4] *Id.*, at *2 (citing *Burns v. Bank of America*, 2007 WL 1589437 (S.D.N.Y. 2007).

[5] Fed. R. Civ. Pro. 45(d)(1).

production of documents over more than a two year time span by 9:00 a.m. on Monday, February 1, 2016. This timeline provides less than ten days for defendants to respond to the Subpoenas *Duces Tecum*, which is not a reasonable time to comply. In *Bergeron v. Great West Cas. Co.*, this Court has explained that "it is settled that any time frame less than 14 days is likely unreasonable for a response under a Rule 45 subpoena."[6] For this reason, plaintiffs' Subpoenas *Duces Tecum* served on counsel for Defendants Heebe and Rhodes on January 22, 2016 must be quashed.

Third, pursuant to Federal Rule of Civil Procedure 45(d)(1), the Subpoenas must be quashed as they "requires disclosure of privileged or other protected matter."[7] The Subpoenas *Duces Tecum* request copies of financial documents that contain bank account routing numbers and account numbers, which are protected information, and therefore in violation of Federal Rule of Civil Procedure 45(d)(3). In addition, plaintiffs also served certain Interrogatories contemporaneously with the Subpoenas *Duces Tecum* requesting information pertaining to the name of the financial institutions utilized by Heebe and by Rhodes.[8] Considering the documents and information requested in the Subpoenas *Duces Tecum* and Interrogatories, defendants Heebe and Rhodes anticipate that plaintiffs intend to obtain access to their bank account information once in possession of the name of the institution and the relevant routing and banking account numbers. Plaintiffs have not shown any cause regarding relevance of defendants' bank account information, and even if relevance is shown, plaintiffs have not shown an inability to retrieve the possibly relevant information through another method. In fact, Rhodes has already testified that he was paid $500.00 by Heebe by personal

---

[6] 2015 WL 5307685 *3 (E.D.La. 9/10/15).

[7] Fed. R. Civ. Pro. 45(d)(3).

[8] Exhibit "C."

check twice a month to operate the airboat.[9] Neither the financial institution of either Heebe or of Rhodes nor the routing and account numbers on the checks are relevant. Furthermore, financial and banking information is confidential information that must be protected by the Court, and plaintiffs will certainly utilize the documents requested in the Subpoenas *Duces Tecum* to invade the defendants' privacy with the pretext of gathering irrelevant financial information. Due to the confidential nature of Defendants Heebe's and Rhodes's banking and financial institution information, the obvious intent of plaintiffs to invade Heebe's and Rhodes's privacy without cause, and the irrelevance of information plaintiffs may obtain by conducting an absolute fishing expedition into the Defendants' personal finances, plaintiffs' Subpoenas *Duces Tecum* served on counsel for Defendants Heebe and Rhodes on January 22, 2016 must be quashed.

In conclusion, plaintiffs' Subpoenas *Duces Tecum* served on counsel for Defendants Heebe and Rhodes on January 22, 2016 must be quashed for three reasons: first, the Subpoenas *Duces Tecum* are attempts to circumvent the applicable discovery response times set forth in Federal Rule of Civil Procedure 34; second, the Subpoenas *Duces Tecum* do not provide for a reasonable amount of time to comply under Federal Rule of Civil Procedure Rule 45(d)(l); and third, the Subpoenas *Duces Tecum* request confidential and protected information per Federal Rule of Civil Procedure 45(d)(3) which is irrelevant and a gateway to plaintiffs rummaging through the private financial records of Defendants. As such, Defendants Heebe and Rhodes respectfully request that this Honorable Court quash the Subpoenas *Duces Tecum* served on counsel for Heebe and Rhodes on January 22, 2016.

---

[9] Exhibit "D," Rhodes's Deposition,

Respectfully submitted,

McALPINE & COZAD

 /s/ Rachel L. Bradley
MICHAEL L. McALPINE (LSB #09195)
FRANKLIN H. JONES, III (LSB #07480)
RACHEL L. BRADLEY (LSB #34644)
365 Canal Street, Suite 2730
New Orleans, Louisiana 70130
Tel. 504-561-0323 / Fax 504-528-9442
*Counsel for Frederick R. Heebe and
   Thomas C. Rhodes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a the foregoing document was filed with the Clerk of Court on January 27, 2016, and is available for viewing and downloading from the CM/ECF system. Notice of Electronic Case Filing has been sent automatically to all counsel on the e-mail service list. Any counsel not included on the e-mail service list received a copy via United States Mail.

 /s/ Rachel L. Bradley
RACHEL L. BRADLEY

128274