# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| | |
|---|---|
| **BRENDA PETTIT, ET AL** | **CIVIL ACTION NO. 2:15-CV-03084** |
| | *consolidated with* |
| | **CIVIL ACTION NO. 2:15-CV-03532** |
| **VERSUS** | |
| | **DISTRICT JUDGE ZAINEY** |
| **FREDERICK R. HEEBE, ET AL** | **MAGISTRATE JUDGE ROBY** |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION TO QUASH SUBPOENA *DUCES TECUM* (DOC. 39)

**NOW INTO COURT,** through the undersigned counsel, come Plaintiffs, Brenda Pettit, Van Meter Pettit, Noble Gregory Pettit, and Harrison Foster Pettit Jr., who file this memorandum in opposition to the Motion to Quash Subpoena *Duces Tecum* filed by Defendants Frederick R. Heebe and Thomas C. Rhodes (Doc. 39). Defendant Frederick R. Heebe is a local business owner who employed Defendant Thomas C. Rhodes to captain the airboat at issue in this litigation. Plaintiffs seek to determine whether Defendant Rhodes was employed through any of Defendant Heebe's businesses. To that end, Plaintiffs have served subpoenas *duces tecum* upon Defendants in an effort to reveal other potential defendants before the Court's deadline for amendments of the pleadings. Defendants moved to quash the subpoenas based on three arguments: (1) Defendants argue that subpoenas *duces tecum* may only be served upon non-parties and not upon a party; (2) the subpoenas did not provide adequate time for compliance; and (3) Defendants argue generally and without supporting authority that financial information is not subject

to discovery because it is "confidential and protected." As explained herein, Defendants' arguments are each either incorrect or moot, and as such Defendants' motion must be denied.

Defendants' first argument is premised upon a mistake of law. The weight of authority establishes that subpoenas *duces tecum* pursuant to Federal Rule of Civil Procedure 45 may be served upon parties and non-parties alike, with the proviso that Rule 45 must be read *in pari materia* with Rule 34 and therefore subpoenas to parties must conform both rules. Defendants' second argument must be denied as moot because Plaintiffs have offered to modify the time for compliance with the subpoenas and have received no response to the offer. (Exhibit A, letter dated January 29, 2016.) Plaintiffs originally served the subpoenas with a shorter deadline in a good-faith attempt to meet this Court's deadline for joinder of parties, but after receiving Defendants' objection, Plaintiffs informed Defendants that Plaintiffs were willing to extend the time period for response. Given Defendants' remaining objections, Plaintiffs consider that additional time to respond would not resolve all of the issues, but Plaintiffs still consent to a 30-day response time and have informed Defendants of Plaintiffs' consent thereto. (Exhibit B, email dated February 9, 2016.) Third, although the requested documents contain some personal financial information, the documents are discoverable because they are highly relevant and non-privileged. To the extent that Defendants have a privacy interest in the information therein, Defendants' privacy concerns may be addressed with the entry of a reasonable protective order that prohibits the disclosure or use of the Defendants' financial information outside of the context of this litigation.

## Statement of Facts

This wrongful death and survival action arises from an airboat rollover that occurred in October of 2014, resulting in the death of Harrison Foster Pettit, Sr. Defendant Rhodes was the operator of the airboat when it rolled over, and Defendant Heebe is the owner of the airboat. Defendant Rhodes has testified that Defendant Heebe paid him to captain the airboat. Defendant Heebe is an owner of River Birch L.L.C., River Birch Incorporated, and River Birch Conservation, L.L.C. Plaintiffs seek to discover whether Defendant Heebe employed Defendant Rhodes to provide airboat services in furtherance of the business of these entities, and whether Defendant Heebe paid Defendant Rhodes with funds from one or more of these entities. If Defendant Rhodes was employed by one of Defendant Heebe's businesses at the time of the airboat crash, that business is a potential unnamed defendant. Additionally, Plaintiffs are concerned that Defendant Heebe may have additional relevant policies of insurance with insurers other than Defendant Markel American Insurance Company.

Plaintiffs note that, if additional defendants exist, this will benefit Defendant Heebe personally. Harrison Foster Pettit, Sr., incurred approximately $2.7 million in medical expenses before his death as a result of the airboat rollover, and there currently appears to be only $500,000 in insurance coverage for Defendant Heebe personally, based on Defendants' initial disclosures. If Defendant Rhodes was employed by an entity as opposed to personally by Defendant Heebe, or if additional insurers exist, these facts will benefit Defendant Heebe.

As set forth in this Honorable Court's scheduling order, the deadline for amendments to pleadings is February 29, 2016. (Doc. 36, p.1.) To determine whether additional potential defendants exist, Plaintiffs must determine which person/entity employed Defendant Rhodes, and whether Defendant Heebe is insured by any additional insurers. On January 22, 2016, Plaintiffs served Defendants Heebe and Rhodes with subpoenas seeking documents intended to answer these questions. (Doc. 39-2; Doc. 39-3.) Specifically, Plaintiffs requested records of drafts, from January 1, 2014 to the present, in which Defendant Rhodes is the payee and either Defendant Heebe, River Birch L.L.C., River Birch Incorporated, or River Birch Conservation, L.L.C., are the account holder for the draft. Additionally, Plaintiffs requested copies of Defendant Heebe's insurance policies and documents reflecting the names of the insurance agents and insurance companies providing such coverage. On January 27, 2016, Defendants moved to quash the subpoenas. (Doc. 39.)

**ARGUMENT AND AUTHORITIES**

**I.  A subpoena *duces tecum* pursuant to Federal Rule of Civil Procedure 45 is an appropriate procedural vehicle by which to obtain documents from a party.**

There is ample authority providing that a subpoena *duces tecum* pursuant to Federal Rule of Civil Procedure 45 is an appropriate procedural vehicle by which to obtain documents from a party. Numerous courts have held that Rule 45 subpoenas duces tecum may be served equally upon both parties and non-parties. *United Steelworkers of Am., AFL-CIO/CLC v. Gov't of Virgin Islands,* No. 2005-CV-0021, 2008 WL 5101681, at *2 (D.V.I. Dec. 1, 2008); *Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562, 565 (W.D.N.C. 2002); *First City, Texas–Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 n. 5

(S.D.N.Y.2000), aff'd, 281 F.3d 48 (2d Cir.2002) ("While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action ... nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties."); *Badman v. Stark*, 139 F.R.D. 601, 603 (M.D.Pa. 1991); *Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F. Supp. 708, 717 (E.D. Pa. 1968) ("Rule 34 applies only to parties, whereas Rule 45 permits both party and nonparty witnesses to be served with subpoenas duces tecum.").

Moore's Federal Practice, citing the text of Rule 45, states that Rule 45 "may be used to subpoena any person—party or nonparty—to produce books, documents, or tangible things at the trial." James Wm. Moore *et al.*, 7 Moore's Federal Practice § 34.02[5][c] (3d ed. 1997); *see also* 9 Moore's Federal Practice § 45.03[1] (noting that "[s]ubpoenas under Rule 45 may be issued to parties or non-parties"). The Federal Procedure treatise reaches a similar conclusion, stating that "FRCP 45, unlike FRCP 34(a) and (b), applies to nonparties as well as parties." 10A Federal Procedure, Lawyers Edition § 26:464 (1994) (footnotes omitted).

This result is consistent with the text of Rule 45 itself, which reveals that there is no express limitation on the type of person who may be subject to the rule, as its language describes the individual upon whom a Rule 45 subpoena may be served simply as a "person" rather than a "non-party." Had the drafters of Rule 45 intended to restrict its scope to non-parties, they could easily have done so. Indeed, the separate and distinct use of the terms "person" and "person who is not a party" in the text of Rule 45 clearly demonstrates that the drafters were aware of the effect they would have on the scope of the

rule's various provisions. For example, the drafters limited the type of person eligible to serve a Rule 45 subpoena by stating in subsection (b)(1) that service may only be accomplished by a "person who is not a party" and is over the age of eighteen. Fed.R.Civ.P. 45(b)(1). They nevertheless elected not to use similar language in describing those subject to service under subsections (a), (c), (d), and (e). Consequently, courts have concluded that this was a conscious choice, and that Rule 45, by its terms, was intended to apply to parties and non-parties alike. *See, e.g., Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 565 (W.D.N.C. 2002).

Because Rules 45 and 34 both govern document discovery between parties, the rules must be read *in pari materia*, meaning that the two rules must be construed in a manner that is internally consistent. *Kitchens*, 210 F.R.D. at 566. "Rule 45, which governs Subpoenas *Duces Tecum*, is thus read in pari materia with Rule 26, governing scope of discovery, Rule 34, governing production of documents, and Rule 37, governing sanctions for failure to cooperate with discovery." *Lo v. Fed. Nat. Mortgage Ass'n*, 2:12-CV-01411-GMN, 2013 WL 2558614, at *3 (D. Nev. June 10, 2013). "[I]t is generally conceded that, with respect to subpoenas to parties, Rule 45 must be construed *in pari materia* with Rule 34." *Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F. Supp. 708, 717 (E.D. Pa. 1968); *see also Tiedman v. American Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958) (holding that Rules 26 and 45 "are *in pari materia* to Rule 34"); *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001) (noting that "[c]ourts have long viewed the discovery rules as an integrated mechanism to be read *in pari materia*").

Thus, a subpoena *duces tecum* may be served upon a party under Rule 45 so long as the subpoena also conforms to the requirements of Rule 34. For this reason, as stated below, Plaintiffs consent to modify the subpoena to provide 30 days for compliance in keeping with Rule 34.

II. **Plaintiffs have agreed to extend the deadline for compliance with the subpoena, and this Honorable Court has the discretion to modify the subpoena to provide a longer period for compliance.**

Plaintiffs agree that, reading Federal Rule of Civil Procedure 45 *in pari materia* with Rule 34, the subpoenas should provide that Defendants must respond within 30 days after being served. Consequently, Plaintiffs consent to extend the deadline for compliance with the subpoenas to 30 days. Plaintiffs originally served the subpoenas with a shorter deadline because Plaintiffs were attempting in good faith to conduct discovery regarding the existence of other possible defendants in advance of this Court's deadline for joinder of parties. However, having received Defendants' objection regarding this issue, Plaintiffs consent to extend the deadline to 30 days after service. Defendants' motion is therefore moot on this issue.

Moreover, this Honorable Court has the power to modify the subpoena as opposed to quashing it. *Gambino v. Payne*, No. 12-cv-824A, 2015 WL 866811, at *2 (W.D.N.Y. Mar. 2, 2015) (citing 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2459, at 52 (Civil 2d ed.1995)). The decision as to whether to modify or quash the subpoena is within this Court's sound discretion. *Id.* (citing 9A Wright & Miller, *supra*, § 2459, Supp. at 16 (2005 Supp.)). "In ruling on a motion to quash a subpoena duces tecum, the Court is not limited to the remedy of quashing the subpoena, but may so modify it as

to remove its objectionable features." *Ghandi v. Police Dep't of City of Detroit*, 74 F.R.D. 115, 117 (E.D. Mich. 1977). "Modification is preferred to outright quashing a subpoena." *Gambino v. Payne*, No. 12-CV-824A, 2015 WL 866811, at *2 (W.D.N.Y. Mar. 2, 2015) (*citing Linder v. Calero-Portocarrero*, 180 F.R.D. 168 (D.D.C. 1998)). Consequently, Plaintiffs respectfully submit that this Court may modify the subpoena (as the Plaintiffs have already agreed) to provide a compliance deadline of 30 days after service.

III. **Defendants' relevant and non-privileged financial information is discoverable; there is no authority for Defendants' argument that financial information is "protected" from discovery.**

Contrary to Defendant's unsupported assertions, there is no rule that financial information is automatically "protected" from discovery. Pursuant to Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" Fed.R.Civ.P. 26(b)(1). If financial information is relevant and non-privileged, it is discoverable. "Simply because this financial information is confidential does not mean that it is not relevant and discoverable." *Bethea v. Merchants Commercial Bank*, No. 11-51, 2012 WL 5359528, at *3 (D.V.I. Oct. 31, 2012). Consequently, multiple federal courts within this jurisdiction have rejected the notion that financial information is somehow shielded from discovery and held that relevant and non-privileged financial information is discoverable, with the proviso that confidential or proprietary information may be disclosed pursuant to a reasonable protective order. *See, e.g., Beechgrove Redevelopment, LLC v. Carter & Sons, Inc.*, 07-8446-CJB-SS, 2008 WL 1746733, at *2-3 (E.D. La. Apr. 11, 2008); *KeyBank Nat. Ass'n v. Perkins Row Associates, LLC*, 09-497-JJB-SC, 2011 WL 46300, at *1-2 (M.D. La. Jan. 6, 2011).

In this case, the documents requested by Plaintiffs are plainly relevant. Plaintiffs' subpoenas seek copies of the drafts by which Defendant Rhodes was paid, which will provide evidence regarding the identity of his employer. Rhodes' employer may be vicariously liable for his negligence, and therefore his employer is a potential party to this lawsuit. Plaintiffs' subpoenas also seek copies of the insurance policies that provide coverage to Defendant Heebe. Again, Defendant Heebe's insurers are potential parties to this lawsuit and Plaintiffs are entitled to pursue direct actions against them. The identity of Rhodes' employer and Heebe's insurers are plainly relevant. Moreover, as noted above, the existence of additional defendants would benefit Defendant Heebe personally. Based on Defendants' initial disclosures, it appears that there is only $500,000 in insurance coverage for Defendant Heebe personally, while the decedent's medical expenses alone total approximately $2.7 million. If Defendant Rhodes was employed by an entity as opposed to personally by Defendant Heebe, or if additional insurers exist, these facts will benefit Defendant Heebe.

Defendants argue that the financial institution, routing numbers and bank account numbers on the drafts are not relevant, and that Plaintiffs are not entitled to conduct discovery regarding "Defendants' personal finances." (Doc. 39-1, p.4.) To the contrary, information pertaining to the net worth of Defendant Heebe is discoverable because it is relevant to the issue of punitive damages in this case. Under general maritime law, the reasonableness of a punitive damages award is assessed "in light of various considerations, such as the magnitude of harm caused or potentially caused and the net worth of the defendant." *CEH, Inc. v. F/V Seafarer*, 70 F.3d 694, 706 (1st Cir. 1995). The Louisiana

Supreme Court has also held that, as a matter of Louisiana state law, "the wealth or financial situation of the defendant" is among the factors that must be weighed by the fact-finder in making an award of punitive damages. *Mosing v. Domas*, 2002-0012 (La. 10/15/02), 830 So. 2d 967, 977 (factors in making punitive damages award include "(1) the nature and extent of the harm to the plaintiff; (2) the wealth or financial situation of the defendant; (3) the character of the conduct involved; and (4) the extent to which such conduct offends a sense of justice and propriety"). Consequently, information regarding Defendant Heebe's personal finances is relevant to Plaintiffs' claim for punitive damages.

Additionally, neither the requested documents nor any of the financial information therein are privileged. Although Defendants have argued without any supporting authority that their financial information is "protected," Defendants have not asserted that the documents or any information therein are privileged. Pursuant to Federal Rule of Civil Procedure 26, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged ... the party must: (i) expressly make the claim[.]" Fed. R. Civ. Pro. 26(b)(5)(A). If Defendants were asserting that the documents are privileged, Defendants would have the burden of proof on this issue. "The parties resisting discovery by asserting any privilege bear the burden of proof sufficient to substantiate their privilege claims and cannot rely merely on a blanket assertion of privilege." *Coldwell Banker Real Estate Corp. v. Danette O'Neal*, 06-2515, 2006 WL 3845011, at *1 (E.D. La. Dec. 29, 2006). Defendants have not asserted any privilege, and there is no evidence that the documents are privileged. Consequently, in addition to being relevant, the requested documents are non-privileged.

Because the requested documents are relevant and non-privileged, they are discoverable. Plaintiffs acknowledge that parties have legitimate privacy interests in their personal financial information. Plaintiffs respectfully submit that such privacy concerns may be alleviated by the entry of a reasonable protective order that prohibits the disclosure or use of such personal financial information outside of the context of this litigation. As noted above, when financial information is discoverable, a reasonable protective order may be entered to protect the confidential or proprietary information therein. *See, e.g., Beechgrove*, 2008 WL 1746733, at *2-3; *KeyBank*, 2011 WL 46300, at *1-2. Consequently, Plaintiffs respectfully suggest that, in an effort to alleviate the Defendants' concerns, the parties could attempt to reach an agreement regarding the terms of a joint protective order to be submitted to the Court.

## CONCLUSION

In sum, Defendants' motion must be denied because each of Defendant's arguments is either incorrect or moot. The weight of authority establishes that Rule 45 *subpoenas duces tecum* may be served upon parties and non-parties alike, with the proviso that Rule 45 must be read *in pari materia* with Rule 34 and therefore subpoenas to parties must conform both rules. Defendants' objection regarding the subpoenas' compliance deadline is moot because Plaintiffs have agreed to modify the subpoenas to provide a 30-day period for compliance. Third, the payment and insurance documents are discoverable because they are highly relevant and non-privileged. Defendants' privacy concerns may be addressed with the entry of a reasonable protective order that prohibits the disclosure or use of the Defendants' financial information outside of the context of this litigation. Consequently,

Plaintiffs respectfully urge this Honorable Court to DENY the Motion to Quash Subpoena *Duces Tecum* filed by Defendants Frederick R. Heebe and Thomas C. Rhodes (Doc. 39).

>Respectfully submitted,
>
>GREGORIO, CHAFIN & JOHNSON, L.L.C.
>7600 Fern Avenue, Building 700
>Shreveport, LA 71105
>Telephone: 318-865-8680
>Facsimile: 318 865-8565
>
>By  /s/ Scott J. Chafin, Jr.
>     Scott J. Chafin, Jr., (T.A.)
>     La. Bar Roll No. 29793
>     Julie Payne Johnson
>     La. Bar Roll No. 31380
>
>GAINSBURGH, BENJAMIN, DAVID,
>MEUNIER & WARSHAUER, L.L.C.
>2800 Energy Centre
>1100 Poydras Street
>New Orleans, LA 70163
>Telephone: 504-522-2304
>Facsimile: 504-528-9973
>
>COUNSEL FOR PLAINTIFFS BRENDA PETTIT,
>VAN METER PETTIT, NOBLE GREGORY PETTIT,
>AND HARRISON FOSTER PETTIT JR.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Plaintiffs' Memorandum in Opposition to Defendants' Motion to Quash Subpoena Duces Tecum (Doc. 39) has been sent to all counsel of record by the electronic filing system used by this Court upon the filing made this 9th day of February, 2016.

   /s/ Scott J. Chafin, Jr.