**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRENDA PETTIT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-3084** |
| **FREDERICK HEEBE, ET AL.** | **SECTION: "A" (4)** |

## ORDER

Before the Court is a **Motion to Quash Subpoenas Duces Tecum (R. Doc. 39)** filed by

Defendants seeking an Order from the Court to quash subpoenas *duces tecum* issued by Plaintiffs

on January 22, 2016. The motion is opposed. *See* R. Doc. 41. The motion was heard by oral

argument on February 17, 2016.

### I.     Background

This is a wrongful death action filed by the widow and the biological children of the

Decedent, Harrison Pettit, who died after being involved in a boating incident that resulted in his

leg being cut as he tried to get out of the water. R. Doc. 1, p. 3. During the incident, Pettit was

infected by the Vibrio bacteria which caused his organs to shut down as a result of the thirteen

hour delay in the overturned boat being located by the Coast Guard. *Id.* at 4. The boat in which

Pettit was a passenger was owned by Heebe and was on a fishing expedition at the time of the

incident. Heebe employed Thomas Rhodes to captain the expedition.

As to the instant motion, Defendants seek to quash subpoenas *duces tecum* issued by

Plaintiffs on January 22, 2016, on serval grounds: (1) they issued a subpoena which is intended for

non-parties; (2) they failed to provide a reasonable period of time; and (3) the subpoenas seek

financial and banking information.

Plaintiffs contend that the information sought is relevant to establishing the identity of the captain's employer. R. Doc. 41, p.1. Plaintiffs contend that the captain's employer may be vicariously liable. *Id.*

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* At 45(c)(1). A motion for a subpoena must be quashed or modified where, inter alia, the subpoena "(i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Rule 45(c)(3)(A). A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the

testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C).

A subpoena under Rule 45 may be served upon both party and non-party witnesses. *See Cooney v. Sun Shipbuilding & Drydock Co.,* 288 F.Supp. 708, 717 (E.D.Pa. 1968)("Rule 34 applies only to parties, whereas Rule 45 permits both party and nonparty witnesses to be served with subpoena duces tecum).

**III.   Analysis**

Defendants seek to quash subpoenas *duces tecum* issued by Plaintiffs on January 22, 2016. R. Doc. 39, p 1. The subpoenas are seeking the production of draft payments to the captain as well as certified copies of all insurance policies. *See* R. Doc. 39-3. p. 2.

Defendants challenge the subpoenas on three grounds: (1) they use a discovery tool intended for nonparties rather than propounding requests for production; (2) they failed to provide a reasonable time to respond; and (3) the subpoenas seek confidential financial banking information. R. Doc. 39-1, p. 2-4.

In response, Plaintiffs contends the reason for the February 22, 2016, return date was an attempt to identify new Defendants before the February 29, 2016 amended pleading deadline. R. Doc. 41, p. 4. Plaintiffs proposed to extend the return date to March 22, 2016, thirty days later *Id.* at 41. Plaintiffs contend that the financial information sought is relevant. However, in an effort to protect the Defendants' privacy interest a protective order can be entered that would prohibit disclosure. *Id.* at 2.

After listening to the argument of each party, the Court granted Defendants' motion to quash the subpoenas regarding the financial information finding that Plaintiffs were provided documentation confirming that Heebe personally paid the captain.

Regarding the issue of commercial insurance policies, Defendants' counsel stated that she has produced all of Heebe's personal insurance policies, including personal excess policies. Plaintiffs' counsel stated that he had not reviewed the personal excess policies to determine if there is an exclusion provision as to Heebe personally. In questioning the subpoena, the Court further ruled that the policies were irrelevant. The Court noted that Heebe personally paid the airboat captain.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Quash Subpoenas Duces Tecum (R. Doc. 39)** is **GRANTED**.

New Orleans, Louisiana, this 21st day of March 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

4