UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRENDA PETTIT ET AL.,**                      **CIVIL ACTION**

**VERSUS**                                              **No. 15-3084**

**FREDERICK R. HEEBE ET AL.**                 **SECTION I**

## ORDER AND REASONS

Before the Court is an unopposed motion[1] for partial default judgment filed by plaintiffs Brenda Pettit, Van Meter Pettit, and Harrison Foster Pettit Jr. (collectively "the Pettits") against defendant Aftermarket Marine Parts, Inc. ("Aftermarket"). For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

According to the facts alleged in the complaint, which are deemed admitted,[2] Aftermarket modified defendant Frederick Heebe's ("Heebe") airboat.[3] Aftermarket's modifications added extra torque and weight to the engine that negatively affected the stability of the airboat,[4] and also increased the airboat's horsepower far beyond what was appropriate for the airboat.[5]

The modifications caused the airboat to overturn while being operated along the western edge of the Southwest Pass of the Mississippi River in October 2014.[6] The passengers on the boat,

---

[1] R. Doc. No. 96.
[2] *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.").
[3] R. Doc. No 45, ¶¶ 14-15, 38.
[4] R. Doc. No. 45, ¶¶ 18, 38.
[5] R. Doc. No. 45, ¶ 15.
[6] R. Doc. No. 45, ¶¶ 16-17.

Albert Ward, Paul Martin, and Foster Pettit ("Mr. Pettit"), were thrown overboard.[7] The boat turned on its starboard side, leaving the starboard side hull of the vessel submerged and the port side hull exposed above the surface of the water.[8] While awaiting rescue, the boat occupants took turns climbing on the port side hull of the vessel that was exposed above the water's surface.[9]

Mr. Pettit, however, cut his right leg on the cage covering the airboat's fan blades when climbing out of the water.[10] The cut then became infected with Vibro bacteria, which is common in salt water in October.[11] Mr. Pettit died from the infection.[12]

The Pettits subsequently sued Heebe, the airboat guide, and Heebe's insurer in state court.[13] After removal, the Pettits amended their complaint to add claims against a number of entities, including Aftermarket,[14] involved in the airboat's manufacture and modification.[15]

Despite being timely served,[16] as well as notified about the pending lawsuit by the Pettits' counsel,[17] Aftermarket has not answered the complaint. The Pettits requested an entry of default, which the Clerk of Court granted.[18] The Pettits now move for a partial default judgment of liability pursuant to Rule 55(b)(2) of the Federal Rule of Civil Procedure. Because joint and several liability is the general rule in maritime law, *see Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1116 (5th Cir. 1995) (en banc), the Pettits ask only for a partial default judgment of liability at this

---

[7] R. Doc. No. 45, ¶¶ 7, 19.
[8] R. Doc. No. 45, ¶ 19.
[9] R. Doc. No. 45, ¶ 20.
[10] R. Doc. No. 45, ¶ 21.
[11] R. Doc. No. 45, ¶ 22.
[12] R. Doc. No. 45, ¶ 43.
[13] R. Doc. No. 1-1.
[14] R. Doc. No. 45.
[15] The Pettits amended their complaint a third time after removal to add AIG as a defendant. R. Doc. No. 50.
[16] R. Doc. No. 86.
[17] R. Doc. No. 96-3, ¶¶ 8-9.
[18] R. Doc. 92.

juncture to avoid inconsistent damages determinations, *see e.g.*, *H.B. Hunt v. Inter-Globe Energy*, 770 F.2d 145, 148 (10th Cir. 1985).

## LAW AND ANALYSIS

"Generally, a defendant's failure to appear is grounds for a default judgment." *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (citing Fed. R. Civ. P. 55(a)). "But a plaintiff is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* at 193-94 (internal quotations and citation omitted). "Instead, '[t]here must be a sufficient basis in the pleadings for the judgment entered.'" *Id.* at 194 (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). "Thus, [the defendant's] failure to appear should have resulted in a default judgment against [the defendant] only if [the plaintiff's] factual allegations, taken as true, state a claim against [the defendant]." *Id.* (citation omitted).

The Pettits pursue a default judgment against Aftermarket based on multiple theories of tort liability: (1) defective design under the general maritime law and the Louisiana Products Liability Act, (2) defective construction under the general maritime law and the Louisiana Products Liability Act, and (3) failure to warn under the general maritime law and the Louisiana Products Liability Act.

Upon review of the Pettits' complaint, the Court determines that the Pettits have pleaded sufficient facts establishing that the airboat was unreasonably overpowered for its normal use to set out a claim of defective design under either the general maritime law or the Louisiana Products Liability Act. *See, e.g.*, *Vickers v. Chiles Drilling Co.*, 822 F.2d 535, 538-39 (5th Cir. 1987) (citing Restatement (Second) of Torts § 402A); Louisiana Stat. Ann. 9:2800.56. For many of the same reasons, the Pettits can also establish liability under a defective construction theory insofar as the complaint alleges that the modified airboat unreasonably fell short of the expected stability

3

standards for the airboat.  *See, e.g.*, Restatement (Second) of Torts § 402A cmt. g; Louisiana Stat. Ann. 9:2800.55.[19]

However, the Pettits' motion does not convince the Court that a partial default judgment of liability under a failure to warn theory is appropriate.  Beyond stating the mere legal conclusion that the warnings provided by Aftermarket were insufficient, the Pettits pleaded no other facts that would allow the Court to determine whether Aftermarket's warnings were insufficient (or even what warnings were provided in the first place).  Therefore, the Court rejects the Pettits' argument that a default judgment of liability under a failure to warn theory is appropriate at this time.  *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (defaulting parties do not admit conclusions of law).

Finally, the Court has considered the discretionary factors meant to guide a district court in evaluating whether to issue a default judgment set out by the Fifth Circuit in *Lindsey v. Prive Corp.  See* 161 F.3d 886, 893 (5th Cir. 1998).  The Court concludes that a default is appropriate notwithstanding the Fifth Circuit's strong policy in favor of decisions on the merits.  *Id.*  Not only does Aftermarket's seemingly willful failure to appear threaten the Pettits with an interminable delay in having their case heard, but it also threatens this Court's ability to efficiently manage this multiparty litigation for the benefit of all parties to the litigation.  *Cf. Creekridge Cap, LLC v. La. Hosp. Ctr.*, No. 09-5861, 2011 WL 2550732, at *1 (E.D. La. 2011) (inequitable for the court to allow one party to lay dormant while all the other parties litigate the case).   To prevent such an outcome, the Court will enter a partial default judgment of liability against Aftermarket, and reserve the Rule 55(b)(2) hearing until trial.

---

[19] Because there is no apparent material conflict between federal and state law on the question of Aftermarket's liability, the Court does not address at the time whether federal maritime law preempts any part of the Louisiana Products Liability Act.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Pettits' motion for a partial default judgment is **GRANTED IN PART** as to Aftermarket's liability to the Pettits for defective design under the general maritime law and the Louisiana Products Liability Act, and defective construction under the general maritime law and the Louisiana Products Liability Act.

**IT IS FURTHER ORDERED** that the Rule 55(b)(2) hearing is reserved until trial, where it will be consolidated with the damages portion of the trial against the non-defaulting defendants.

**IT IS FURTHER ORDERED** that the remainder of the Pettits' motion is **DENIED**.

New Orleans, Louisiana, August 1, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**